**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH ANTHONY STOUFFER,** | : | |
| **Plaintiff** | : | **Civil Action No. 1:07-CV-1587** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **RESTORECORE MANAGEMENT, INC.,** | : | |
| **t/d/b/a RESTORECORE** | : | |
| **CENTRAL PA et al.,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

Before the Court is Plaintiff's motion to dismiss Defendant RestoreCore Management

Inc.'s Counterclaim.  (Doc. No. 6.)  For the reasons that follow, Plaintiff's motion will be

granted.

**I.      BACKGROUND**

In November 2005, Plaintiff Joseph Anthony Stouffer was hired by Defendant

RestoreCore as a material/purchasing coordinator at an annual salary of $42,000.  RestoreCore

was engaged in the business of fire and water restoration following catastrophic events.

Stouffer's duties were to include, among other things, obtaining vendors following a disaster,

coordinating with project managers, and receiving calls and dispatching crews to respond to

those calls.  Stouffer alleges, however, that from the beginning of his employment, he was

unable to "coordinate" purchasing due to the last minute materials requests of the project

managers, and spent most of his time picking up and delivering materials from Lowe's and

Home Depot.

In November 2006, Stouffer's position was eliminated and he was transferred to an

emergency crew as a water technician.  Despite his demands, Stouffer was not paid overtime, but

his salary was increased to $43,000.  Each of the other technicians at RestoreCore received

overtime pay as provided in an employee manual.  On March 19, 2007, Stouffer informed

Defendant Michael Goldberg, owner and president of RestoreCore, that he wished to take some

paid time off.  On March 21, 2007, Stouffer filed a wage complaint with the Pennsylvania

Department of Labor and Industry pursuant to the Pennsylvania Wage Payment and Collection

Law (WPCL), 43 Pa. C.S. §§260.1-260.12.  Five days later, Stouffer's employment was

terminated.  Stouffer never received the overtime compensation that he claimed was due to him.

Stouffer commenced this action in federal court on August 29, 2007.  In his complaint,

Stouffer states four claims: a claim under the federal Fair Labor Standards Act (FLSA), 29

U.S.C. § 201 et seq.; a retaliation claim; a claim under the Pennsylvania Wage Payment &

Collection Law (WPCL), and a common law breach of contract claim.  On October 26, 2007,

RestoreCore filed an answer and a counterclaim alleging that Stouffer violated a non-

compete agreement.

Following RestoreCore's answer and counterclaim, Stouffer filed a motion to dismiss

RestoreCore's counterclaim based on lack of supplemental jurisdiction or, in the alternative, on

the merits.  Both parties have briefed the motion, which is before the Court for disposition.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides that a party may move to dismiss a

claim for "lack of subject-matter jurisdiction."  Fed. R. Civ. P. 12(b)(1).  When reviewing a

facial attack on a pleading under Rule 12(b)(1), "the Court must accept as true all material

allegations set forth in the [pleading], and must construe those facts in favor of the nonmoving

party."  Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007); Mortensen v. First Fed.

Sav. & Loan Ass'n, 549 F.2d 884, 891-92 (3d Cir. 1977) (distinguishing between facial and

factual attacks under Rule 12(b)(1)).  Additionally, the Court does not "consider in its

jurisdictional inquiry the legal sufficiency of those claims."  Suber v. Chrysler Corp., 104 F.3d

578, 583 (3d Cir. 1997).

## III.    DISCUSSION

The Court's ability to exercise supplemental jurisdiction over RestoreCore's

counterclaim is determined by 28 U.S.C. § 1367(a), which provides, in relevant part and subject

to certain exceptions, that:

> [I]n any civil action of which the district courts have original
> jurisdiction, the district courts shall have supplemental jurisdiction
> over all other claims that are so related to claims in the action within
> such original jurisdiction that they form part of the same case or
> controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).[1]  Supplemental jurisdiction over a pendent state claim is available under

§ 1367(a) only if three requirements are met.  Lyon v. Whisman, 45 F.3d 758, 760 (3d Cir.

1995).[2]  First, there must be a federal claim that has "substance sufficient to confer subject matter

jurisdiction on the court."  Id. (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725

(1966)).  In this case, it is agreed that Stouffer's FLSA claim establishes subject matter

jurisdiction in this case.  Second, under what is called the "nexus requirement," the federal claim

and the pendent state claim must "derive from a common nucleus of operative facts."  Lyon, 45

---

[1] Stouffer and RestoreCore are both Pennsylvania citizens, and therefore jurisdiction over
RestoreCore's state-law claim can lie only under supplemental jurisdiction pursuant to 28 U.S.C.
§ 1367.

[2] Section 1367 codified the judicially created concepts of "pendent" and "ancillary"
jurisdiction together under the single umbrella of "supplemental jurisdiction."  De Asencio v.
Tyson Foods, Inc., 342 F.3d 301, 307 (3d Cir. 2003); In re Prudential Ins. Co. Am. Sales Practice
Litig. Agent Actions, 148 F.3d 283, 300-03 (3d Cir. 1998).

F.3d at 760. Third, leaving the claims' federal or state character aside, the nature of the claims must be such that the party would "ordinarily be expected to try them all in one judicial proceeding." Id. Subject-matter jurisdiction over the non-diverse state-law claim exists only when each of these three requirements are satisfied.

Stouffer argues that RestoreCore's counterclaim must be dismissed because the "nexus" requirement is not satisfied. Whether claims derive from a "common nucleus of operative facts" is a fact-intensive inquiry. For example, the Third Circuit has held that a nexus exists between a federal FLSA claim and a state WPCL claim when both claims address whether employees should be paid for "donning and doffing time."[3] De Asencio, 342 F.3d at 308. By contrast, in Lyon, the Third Circuit held that no nexus existed between a FLSA claim involving a failure to pay overtime wages and common law contract and tort claims involving the underpayment of a bonus. 45 F.3d at 763. In fact, the court stated that because there was "so little overlap between the evidence relevant to [the] claims . . . it would be charitable to characterize the relationship of the federal and state claims as involving even a 'loose' nexus." Id.

RestoreCore asserts that its counterclaim and Stouffer's claim in Count II of Stouffer's complaint, i.e., his "Retaliation" claim, establish the necessary nexus. In particular, RestoreCore highlights paragraph 51 of the complaint, which provides as follows:

> [D]espite being told by RestoreCore General Manager Tenney that
> [Stouffer's] non-compete agreement would not be enforced against
> him, that Company has sought to utilize the agreement in an effort to
> deprive him of his present employment. This action is in direct

---

[3] As the Third Circuit describes it, donning and doffing "entails putting on protective clothing-like hairnets, earplugs, safety goggles, cotton smocks, gloves, and plastic aprons-before the start of their shift, and rinsing their clothing and washing their hands at the end of their shift." De Asencio, 342 F.3d at 304.

> retaliation for having engaged in protected activity.  Others with non-
> compete agreements in similar circumstances who have not engaged
> in protected activity have not had them enforced by RestoreCore.

(Compl. ¶ 51.)  Thus, according to RestoreCore, because Stouffer's retaliation claim depends in

part on the existence of a non-compete agreement, that is sufficient for supplemental jurisdiction

over RestoreCore's breach of contract claim based upon the performance of that agreement.

　　　　While there may be a factual link between Stouffer's and RestoreCore's claims—namely,

the existence of a non-compete agreement—the Court does not agree that they derive from the

same nucleus of operative facts.  Indeed, RestoreCore's non-compete claim calls into

consideration an entirely *separate* set of factual considerations.  In resolving the counterclaim,

the Court will be called upon to resolve, for example, whether the non-compete was valid,

whether it was supported by sufficient consideration, whether Stouffer breached the agreement,

and whether any defenses exist.  By contrast, with respect to Stouffer's retaliation claim, the

Court must consider only whether RestoreCore retaliated by *threatening* to enforce the non-

compete.  Whether the non-compete is even valid is irrelevant to Stouffer's claim that

RestoreCore retaliated against him for engaging in protected activity.

　　　　The Third Circuit in <u>Lyon</u> has cautioned that there is "no indication that Congress passed

the FLSA with the expectation that it was authorizing federal courts to exercise far-reaching

jurisdiction over state-law disputes arising from employment relationships."  45 F.3d at 764.

Here, although Stouffer's FLSA retaliation claim may ostensibly implicate the non-compete

agreement, the Court does not believe that there is a "common nucleus of operative fact" such

that the breach-of-contract claim is part of the same "case or controversy" as the retaliation

claim.   Without supplemental jurisdiction under § 1367, the Court lacks subject matter

jurisdiction over RestoreCore's counterclaim.

**IV.      CONCLUSION**

Accordingly, Stouffer's motion to dismiss RestoreCore's counterclaim will be granted.

An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH ANTHONY STOUFFER,** | **:** | |
|     **Plaintiff** | **:** | **Civil Action No. 1:07-CV-1587** |
| | **:** | |
| **v.** | **:** | **(Chief Judge Kane)** |
| | **:** | |
| **RESTORECORE MANAGEMENT, INC.,** | **:** | |
| **t/d/b/a RESTORECORE** | **:** | |
| **CENTRAL PA et al.,** | **:** | |
|     **Defendants** | **:** | |

## ORDER

**AND NOW**, on this 30th day of June, 2008, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** Plaintiff's motion to dismiss Defendant's counterclaim (Doc. No. 6) is **GRANTED**.


 S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania