IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH ANTHONY STOUFFER,     :
     Plaintiff      :
 v.           :  NO. 1: 07-CV-01587- YK
            :
            :  CIVIL ACTION
RESTORECORE MANAGEMENT.INC., t/d/b/a :
RESTORECORE CENTRAL PA,    :  JURY TRIAL DEMANDED
  and         :
MICHAEL GOLDBERG,      :
     Defendants   :
            :

BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND CAPTION OF COMPLAINT

I.   BACKGROUND

   On August 29, 2007, Plaintiff Joseph Anthony Stouffer (hereinafter, "Stouffer") filed

his Complaint in the United States District Court for the Middle District of Pennsylvania,

alleging, inter alia, that his former employer, RestoreCore Central PA and its

President/Owner, Michael Goldberg, had violated the Fair Labor Standards Act by failing to

pay him overtime compensation, as required by 29 U.S.C. §207(a)(1), and that it retaliated

against him[1] by terminating his employment when he engaged in protected activity by filing

a Wage Claim with the Bureau of Labor law Compliance in the Pennsylvania Department of

Labor and Industry.

   The caption of the Stouffer Complaint identified the parties defendant as

"RestoreCore Manangement, Inc. t/b/d/a  RestoreCore Central PA and Michael Goldberg."

Paragraphs 2 & 3 of the Complaint used the following language:

   2. Defendant RestoreCore Management, Inc. is a corporation organized and
   existing under the laws of the Commonwealth of Pennsylvania, with a registered

---

[1] Such retaliation is also prohibited by the Fair Labor Standards Act, 29 U.S.C. §216.

address at 3822 Burton Lane, Harrisburg, Pennsylvania 17110.

3. RestoreCore Central PA is a fictitious name under which RestoreCore Management, inc. conducts business in Central Pennsylvania. Its office in Central Pennsylvania is located at 2322 North Seventh Street, Harrisburg, Pennsylvania 17110 (hereinafter, collectively referred to as "RestoreCore"). RestoreCore is in the business of fire and water restoration following catastrophic events. The Harrisburg office serves as RestoreCore's principal office.

(Stouffer Complaint. ¶¶ 2-3)

At the deposition of Michael Goldberg, undersigned counsel questioned the deponent concerning the legal status of the various RestoreCore businesses[2] (see Goldberg Scan, pages 7-26, appended as the third attachment to this brief). The deposition began with a consideration of Exhibit 1, a printout from the Pennsylvania Department of State with a search date of August 19, 2007.[3] Exhibit I revealed six (6) separate RestoreCore businesses on file with the Department of State as of August 19, 2007. The first was RestoreCore – Philadelphia, Inc. The second identified RestoreCore Central PA as "Fictitious Names," but did not indicate to which RestoreCore entity it was a fictitious name. The third entity was RestoreCore IEQ, Inc.; the fourth RestoreCore Management, Inc.; the fifth RestoreCore Service Company, Inc; and the final one was RestoreCore, Inc.  Three of the businesses were noted as "merged," i.e., RestoreCore – Philadelphia, Inc.; RestoreCore Service Company, Inc.; and RestoreCore, Inc. The only "active" entities listed were RestoereCore IEQ, Inc. and RestoreCore Management, Inc.

The first questions to Michael Goldberg related to the status of the first-listed entity, RestoreCore – Philadelphia, Inc. (see Deposition, pages 9-10, ls. 16-22 & 1-8). Goldberg concluded that Plaintiff Stouffer had not been employed by this entity, and that it had merged into an entity

---

[2] Defendants alleged at some point in the briefing of the Motion To Dismiss their Counterclaim, that Stouffer had sued the incorrect entity (see Goldberg Deposition, at 10, ls. 9-15). Although RestoreCore never sought any relief on the basis of this allegation and has since failed to file any dispositive motion or to address this allegation by virtue of any other Motion, undersigned counsel  did raise the issue at the deposition of Michael Goldberg.

[3] The August 19, 2007 Department of State search appears as Exhibit 1 to this brief, as well as Exhibit 1 at the referenced deposition.

called, "Double-Gold, Inc.," a company not contained on the Department of State listing.

Undersigned counsel next proceeded to the second name on the list, "RestoreCore Central PA." The

colloquy included the following:

> Q. Is RestoreCore Central PA an entity of itself or is it a fictitious name?
>
> A. Fictitious name.
>
> Q. Okay. Now, it's a fictitious name for what entity?
>
> A. Double-Gold, Inc. at the time. … In 2003 RestoreCore Central PA was a fictitious name
>   owned by Double Gold, Inc.
>
>   (N.T., at 11, ls. 10-18)

Discussion then proceeded to the third listed entity, RestoreCore IEQ, Inc.  In several pages of

deposition testimony (see N.T., 12-13), Goldberg could not state the legal status of this company. He

did indicate that as of the search date (August 19, 2007), "IEQ, Inc. might have been out of business"(

N.T., 13, ls. 12-13). When confronted with the fact that under the category of  "status", the

Department of State listing noted that it was an active corporation, Goldberg responded, "[i]I may or

may not" (N.T., 13, ls. 16-18).

The colloquy then moved to the fourth listed entity, RestoreCore Management, Inc., one of

the  named Defendants. After stating that this corporation was created to manage the other

corporations, the following colloquy ensued:

> Q. … Since I'm totally confused, would you like to explain it to me?
>
> A. You asked me what it does. … why it was created, and that's the purpose it
>   it was created. It functioned in that role for a very short time and has not
>   functioned in that role.
>
>   (N.T., 14, ls. 8-14).

After a brief discussion of the duties of the fifth-listed entity, RestoreCore Service Company,

Inc. (see N.T., 14-17), questions centered more specifically on which of the RestoreCore companies

traded and did business as " RestoreCore Central PA".  After being asked whether Double-Gold, Inc.

terminated its corporate existence or was merged into another entity, Goldberg finally stated that

"Double Gold, Inc. changed its name to RestoreCore, Inc. (N.T., 19, ls. 18-19).  The following colloquy

resulted:

> Q.  … So that when you told me a few minutes ago that RestoreCore Central PA
>      was a fictitious name for Double Gold, Inc., that really wasn't correct, was it?
>
> A.   No, it was correct. RestoreCore Central PA was filed as a fictitious name to
>      Double Gold, Inc. Double Gold, Inc. then in the future, after the filing,
>      changed its name to RestoreCore, inc. after the merger. …
>
> Q.   The entity that Tony Stouffer worked for, that he was an employee under,
>      was that RestoreCore, Inc. trading as RestoreCore Central PA?
>
> A.   Part of the time he worked under the entity Double Gold, Inc. was the entity.
>      It had a fictitious name of RestoreCore Central PA. Part of the time that he
>      worked it was under the entity RestoreCore, Inc., after Double Gold, Inc.
>      changed its name to RestoreCore, Inc.
>
>      (N.T., 19, ls. 21-25; 20, ls. 1-2; and 21, ls. 12-19)

II.      <u>QUESTION PRESENTED</u>

Should Leave Be Granted To Permit Plaintiff Stouffer To Correct The Name of
The RestoreCore Entity To Which The Fictitious Name, "RestoreCore Central
PA," Properly Relates?

> (suggested answer in the affirmative)

III.     <u>ARGUMENT</u>

A.   <u>Standard of Review</u>

Rule 15(a)(2) of the Federal Rules of Civil Procedure  provides that a party may amend its

pleading before trial, but after the time when pleadings have closed, "only with the opposing party's

written consent or the court's leave. The court should freely give leave when justice so requires."

Generally, leave to amend should be freely granted absent a concern of (1) undue delay; (2) bad faith

or dilatory motive; (3) continued failure to cure deficiencies by prior amendments; (4) undue

prejudice to the opposition; or (5) futility of amendment. <u>Silva v. Mid-Atlantic Management</u>

<u>Corporation</u>, 2003 WL 21223838  (E.D. PA), citing  <u>Forman v. Davis</u>, 371 U.S. 178, 182, 83  S.Ct.  227, 9

L.Ed. 2d 222 (1962). A party seeking to amend its complaint by changing a party to the action must comply with Federal Rule of Civil Procedure 15(c), which permits certain modifications that would otherwise be barred by the statute of limitations provided the proposed changes "relate back" to the original Complaint, supra., Silva v. Mid-Atlantic Management Corporation.[4]

In Boliden Metech, Inc. v. United States of America, 140 F.R.D. 254, 21 Fed. R. Serv. 3d 1028, (D. R.I., 1991), the Court permitted the Plaintiff to change the caption of the case, giving the Defendant another name, because the Plaintiff was merely seeking to correct a misnomer in the original Complaint. The Court noted:

> A misnomer is involved when the correct party was served so that the party before the court is the one plaintiff intended to sue, but the name or description of the party in the complaint is deficient in some respect. Under those circumstances, an amendment merely correcting that description does not entail the actual "changing" of the parties and it should be allowed as a matter of course as long as it satisfies the standard in the first sentence of Rule 15(c)  [claim arises from the same conduct, transaction, or occurrence] …

> Id., 140 F.R.D. at 257, quoting  6A Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d, §1498, at 130 (1990).

> A complaint's caption is not dispositive of the identity of the parties if it is clear from the body of the complaint who the actual defendant is. Barsten v. Department of the Interior, 896 F.2d 422, 423-424 (9th Cir. 1990) ("[a] suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant … it has fulfilled its purpose. …" Id., at 423).

---

[4] Rule 15(c) states that an amendment of a pleading relates back to the date of the original pleading when "…(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading, or (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period required by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against that party."

B.   Plaintiff Stouffer Is Merely Seeking To Correct A Misnomer in the Complaint

Like the Plaintiff in Boliden Metech, Stouffer merely seeks to correct a misnomer in the

Complaint. These facts should be apparent. One, the proper party defendant trades and does

business as "RestoreCore Central PA." Two, RestoreCore is a fictitious name correctly identified in

the caption of the Stouffer Complaint.[5] Three, Stouffer was actually employed by the entity trading

and doing business as "RestoreCore Central PA." Four,  all RestoreCore entities are owned in part by

Defendant Michael Goldberg, who serves as President of each entity. Five, there never was any

confusion on the part of Goldberg or RestoreCore concerning the allegations of the Complaint or

against whom they were directed. Six,  the claim in the amended pleading arises out of the conduct,

transaction, and occurrence set forth in the original pleading. Seven, but for the mistake concerning

the identity of the party which trades under the fictitious name, "RestoreCore Central PA," the action

would have been brought against that party.

A fair reading of the deposition testimony at pages 7-26 of the Michael Goldberg transcript

reveals a Defendant making little effort to alleviate the confusion brought on by the vagueness of the

Department of State listings for his company.  Providing information only if directly asked, he added

to the confusion until he could no longer do so when the questions became very specific. Goldberg's

attempt to confuse and to obfuscate the issue is illustrated by the following colloquy:

> Q. So I guess just to summarize all this, because it is very confusing to me,
> RestoreCore, Inc., formerly known as Double Gold, Inc. and now trading
> and doing business as RestoreCore Central PA, is the entity that operates
> out of your warehouse in downtown Harrisburg; would that be a correct
> statement?
>
> A.   Well, we're uptown Harrisburg.
>
>   (N.T., 25, ls.22-25; 26, ls. 1-3).

---

[5] The caption of the Complaint actually reversed the letters "t/d/b/a" and represented it as "t/b/d/a." That would be corrected with the Amendment.

Goldberg never did answer the question, despite the fact that he knew it was a correct statement as to the corporate structure of the entity which employed Plaintiff Stouffer.

In the words of the treatise by Wright, Miller and Kane quoted above, "the party before the Court is the one plaintiff intended to sue, but the name or description of the party in the complaint is deficient in some respect." It should be allowed to be corrected as a matter of course.

Nor should there be any concern that Defendant would be prejudiced by granting leave to amend the caption. As outlined above, the amended pleading would properly "relate back" to the date of the original filing pursuant to the parameters of Rule 15 quoted above. Moreover, even if it did not so relate, the Plaintiff's claims under the Fair Labor Standards Act would still be within the applicable period of limitations. In <u>Oates v. Commonwealth of Pennsylvania,</u> 871 F. Supp. 797, 801 (M.D. PA 1995), Judge Caldwell determined that under 29 U.S.C. §255(a), a three year statute of limitation applied for overtime violations (instead of a two year limitation) where the employer either knew or acted in reckless disregard of the fact that it owed overtime pay to the employees in question.

Here, the employer published an Employee Handbook in which it clearly identified Technicians such as Stouffer as being able to collect overtime. Moreover, RestoreCore knew the actual job duties performed by Stouffer from the beginning of his employment and should have known that these duties were not exempt from the overtime requirements of federal law.

IV.    <u>CONCLUSION</u>

For the reasons outlined above, it is requested that the Court grant leave to Plaintiff Stouffer to amend the caption of his Complaint from "RestoreCore Management, Inc. t/b/d/a RestoreCore Central PA" to "RestoreCore, Inc. t/d/b/a RestoreCore Central PA."

Respectfully submitted,

s/ John M. Kerr
_____
John M. Kerr, Esquire
Law Office of John M. Kerr, Esquire
5020 Ritter Road
Suite 109
Mechanicsburg, PA 17055
(717) 766-4008
kerrlaw@comcast.net

September 21, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH ANTHONY STOUFFER,                  :
                                          :
          Plaintiff                       :   NO. 1:07-CV-01587-YK
                                          :
          v.                              :   CIVIL ACTION
                                          :
                                          :   JURY TRIAL DEMANDED
RESTORECORE MANAGEMENT, INC.,             :
T/D/B/A RESTORECORE CENTRAL PA,           :
     and                                  :
MICHAEL GOLDBERG,                         :
                                          :
          Defendants                      :

CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that he has served a copy of the foregoing, "Brief in

Support of Plaintiff's Motion For Leave To Amend Caption of Complaint,"," on the below-named

individual in the manner indicated:

VIA ECF SYSTEM

Sharon O'Donnell, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
4200 Crums Mill Road, Suite B
Harrisburg, PA  17112
SMODONNELL@MDWCG.com

                                        s/ John M. Kerr
                                        _____

                                        John M. Kerr, Esquire
                                        Law Office of John M. Kerr, Esquire
                                        5020 Ritter Road
                                        Suite 109
                                        Mechanicsburg, PA 17055
                                        (717) 766-4008
                                        kerrlaw@comcast.net

Dated: September 21, 2008